## C. R. BURR & COMPANY, INC.
### vs.
## TOWN OF MANCHESTER

Superior Court          Hartford County          File #53732

MEMORANDUM FILED JULY 12, 1938.

Day, Berry & Howard, of Hartford, for the Plaintiff.

William Hyde, of Manchester, for the Defendant.

O'SULLIVAN, J.   The highlight of the plaintiff's case is the splendid brief submitted by its counsel, who, in true Hamerslian style, has drafted so thorough a summary of the legal phase of his position that one becomes almost convinced of the soundness of his views.   Unfortunately for counsel, as well as for his client, the facts are such as to bar the application of those principles to which the brief calls attention.

This is an appeal from the Board of Relief of the Town of Manchester, taken under authority of section 374c of the Cumulative Supplement to the General Statutes (1935).   Plaintiff claims that it has been assessed on nursery stock to the amount of $20,253 which is exempt from taxation; that the assessors of the town improperly and illegally added the amount to the plaintiff's tax list; and that the Board of Relief improperly refused to remove this additional assessment.

The nub of the controversy is simply this:   In 1935, was nursery stock exempt from taxation?   The plaintiff claims it

was and relies on paragraph 33 of section 1163 of the General Statutes, Revision of 1930, which provides that produce of a farm, actually grown, growing or produced during the season next preceding assessment day shall be exempt from taxation. To be within the scope of this paragraph, nursery stock must be classified as farm produce.

The intention of the Legislature must be sought and this is easy to ascertain from the attitude expressed by the General Assembly at various sessions. For example, in 1923, chapter 255 of the Public Acts was enacted which read: "Produce or products grown or growing in any nursery or greenhouse or under glass and any shrub, or any forest, ornamental or fruit tree while in a nursery, shall be exempt from taxation." Obviously this Public Act would have been unnecessary if plaintiff's position is sound, because at the time of its passage paragraph 33, supra, was in effect.

In 1927, the Assembly repealed the act of 1923, thus indicating an intention to return nursery stock to the burden of taxation.

In 1937, which was subsequent to the year of assessment involved in this case, the Assembly again made exempt from taxation all produce or products growing in any nursery (Supp. [1937] §239d).

This sequence of legislative enactment demonstrates conclusively that farm produce, as stated in paragraph 33, supra, was never intended to include nursery stock.

Consequently, there having been no exemption available in 1935, the assessors and the Board of Relief of the Town of Manchester acted in conformity with law in assessing the plaintiff on its nursery stock.

Accordingly, the appeal is dismissed.